**ORIGINAL**

UNITED STATES DISTRICT COURT
NORTHEN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| JILL SCOTT AND STUART SCOTT, INDIVIDUALLY AND AS NEXT FRIENDS OF MADISON SCOTT<br>Plaintiffs/Movants<br><br>VS.<br><br>BAYLOR UNIVERSITY MEDICAL CENTER d/b/a THE KIMBERLY H. COURTWRIGHT & JOSEPH SUMMERS INSTITUTE OF METABOLIC DISEASE,<br>Defendant/Respondent. | §§§§§§§§§§§§§§ | NO. 3-02CV 1265R |

## MEMORANDUM OF LAW
### IN SUPPORT OF EMERGENCY MOTION OF PLAINTIFFS
### TO REMAND IMPROPERLY REMOVED CASE

Plaintiffs Scott and Stuart Scott, and Madison Scott (by and through the attorney *ad litem*) ("the Scotts") hereby submit this Memorandum of Law in support of their Emergency Motion to Remand Improperly Removed Case.

### I.
### THE STATE COURT LAWSUIT

1.   The Scotts sued Defendant Baylor University Medical Center ("Baylor") for negligence and gross negligence resulting in serious injury to Madison Scott. In a Third Supplemental Petition (see Exhibit "A," Appendix Tab 2, pp. 7 - 14)[1] filed on June 7, 2002, the Scotts added an additional allegation that Baylor's breach of duty (for purposes of the negligence claim) was established by

---

[1] The Scotts have included, as Exhibit "A" to the Appendix, the live pleadings, which consist of (in the following order) the Third Supplemental Petition, the Second Supplemental Petition, the First Supplemental Petition, and the Original Petition.

Baylor's failure to comply with a standard of care established by the federal Clinical Laboratories Improvement Act, 42 U.S.C. § 263a ("CLIA").  (Exhibit "A," Appendix Tab 2, pp. 11 - 12). Although CLIA does not provide for a private cause of action for a clinical laboratory's failure to comply with the standards set forth therein, it is hornbook law that a statute may provide a relevant standard of care in a tort action regardless of whether or not it creates such a private cause of action. RESTATEMENT OF THE LAW (SECOND) TORTS §§ 285 - 7 (A.L.I. 1965).

## II.
## THE IMPROPER REMOVAL

The mere fact that the Scotts have now alleged Baylor's noncompliance with 42 U.S.C. § 263a as one of several grounds to support a state law negligence claim has not transformed the Scotts' common law medical malpractice action into a case "arising under the Constitution, laws, or treaties of the United States" for purposes of 28 U.S.C. § 1331 and thereby made the case removable pursuant to 28 U.S.C. § 1441.  Indeed, that very proposition was conclusively settled by the Supreme Court's 1986 decision in Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).  (Exhibit "C," Appendix Tab 4, pp. 47 - 59). The precise question presented in Merrell Dow was "whether the incorporation of a federal standard in a state-law private action, when Congress has intended that there not be a federal private action for violations of that federal standard, makes the action one "arising under the Constitution, laws, or treaties of the United States"  The Court answered that question in the negative. Id. The Court's decision in Merrell Dow should have made obvious to Baylor's counsel, John Scully, that the allegations concerning Baylor's failure to comply with CLIA (Exhibit "A," Appendix Tab 2, pp. 11 - 12) created no legal basis for the removal of this action.[2]

---

[2] In order for an action to be removable as stating a claim "arising under" federal law, "the plaintiff's well-pleaded complaint, not the removal petition, must establish that the case arises under federal law." Willy v. Coastal Corp., 855 F.2d 1160, 1165 (5th Cir. 1988). The burden of establishing jurisdiction rests on the party seeking removal. See id. at 1164

### III.
### AWARD OF EXPENSES, COSTS, FEES AND SANCTIONS

Under 28 U.S.C. § 1447 (c), a court is authorized to impose upon the party that improperly removed a case (and/or his attorney) the costs, expenses, and attorney fees associated with the removal. Sanctions may also be imposed. Vatican Shrimp Co., Inc. v. Solis, 820 F.2d 674, 688 (5th Cir) *cert. denied* 484 U.S. 953 (1987). Furthermore, the Court need not assess the costs, expenses, fees, or sanctions at the time the case is remanded, but instead retains jurisdiction for fourteen (14) days after the remand to do so. Wisconsin v. Hotline Industries, Inc., 236 F.3d 363, 365 (7th Cir. 2000); Mints v. Educational Testing Service, 99 F.3d 1253, 1257 - 59 (3rd Cir. 1996); Stallworth v. Greater Cleveland Regional Transit Auth., 105 F.3d 252, 255 (6th Cir. 1997); *see also* Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396, 100 S.Ct. 2447, 2456, 110 L.Ed2d 359 (1990); Miranti v. Lee, 3 F.3d 925, 927 - 8 (5th Cir. 1993) (issue of attorney fees and costs are severable from remand order). Because of the extraordinary circumstances, and because Baylor should not be rewarded for its misconduct by receiving the very thing that prompted its frivolous removal of this case (i.e. a lengthy delay of the trial), this Court should remand this case immediately and thereafter address the questions as to appropriate expenses, costs, attorney fees, and sanctions.

### IV.
### CONCLUSION AND PRAYER FOR RELIEF

This action was improperly, indeed frivolously, removed to this Court by Baylor and its counsel in order to obtain an automatic, preemptive continuance in a state court case shortly before that case was going to trial. It is in the interests of justice, judicial economy, and avoidance of further costs and expense to make that continuance *as short as possible*. Plaintiffs respectfully request that this case be immediately REMANDED TO STATE COURT.

Respectfully submitted,

THE LAW OFFICES OF
FRANK L. BRANSON, P.C.

_[signature]_

FRANK L. BRANSON
State Bar No. 02899000
MICHAEL G. GUAJARDO
State Bar No. 00784183
C. MICHAEL CLARK
State Bar No. 04275040
4514 Cole Avenue, 18th Floor
Dallas, Texas 75205
(214) 522-0200
(214) 521-5485 Fax

ATTORNEYS FOR PLAINTIFFS

BURROW & PARROTT
ALICE OLIVER-PARROTT
State Bar No. 20210800
1301 McKinney St.
Houston, Texas 77010-3092
(713) 222-6333
(713) 650-6333 Fax

AD LITEM

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been sent by U.S. Certified Mail, Return Receipt Requested and/or Hand-Delivered to all counsel of record on the 20th day of June, 2002.

_[signature]_

MICHAEL G. GUAJARDO