

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JILL SCOTT AND STUART SCOTT, INDIVIDUALLY AND AS NEXT FRIENDS OF MADISON SCOTT, Plaintiffs, | § § § § § | |
| v. | § § § | Civil Action No. 3:02-CV-1265-R |
| BAYLOR UNIVERSITY MEDICAL CENTER d/b/a THE KIMBERLY H. COURTWRIGHT & JOSEPH SUMMERS INSTITUTE OF METABOLIC DISEASE, Defendant. | § § § § § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's Order of Reference, filed June 26, 2002, the Emergency Motion of Plaintiffs to Remand Improperly Removed Case, filed June 20, 2002, is before this Court for hearing, if necessary, and for recommendation. The Court held an emergency hearing on this motion on June 27, 2002. For the following reasons, the Plaintiffs' motion should be **GRANTED** and the case **REMANDED** to the County Court at Law No. 5 of Dallas County, Texas.

**I.    Background**

Plaintiffs Jill and Stuart Scott (Plaintiffs) filed this negligence suit in state court against Defendant Baylor University Medical Center (Baylor) in December 2000. On June 7, 2002, only seventeen days before trial, the Plaintiffs filed their Third Supplemental Petition in the County Court at Law No. 5 of Dallas County, Texas, alleging for the first time that Baylor had breached its legal duty to the Plaintiffs by, in addition to ten other reasons, failing to comply with the standards set forth in the Clinical Laboratories Improvement Act (CLIA). (P.s' App. at 7, 11-12.) On June 17, 2002, Baylor filed its Notice of Removal, claiming that federal jurisdiction exists pursuant to 28

U.S.C. § 1331 on the theory that the "Plaintiffs' claims against the Defendant cannot be determined without reference to or interpretation of federal law," i.e., CLIA. (D.'s Notice of Removal at 1, 3.)

## II. Analysis

Baylor contends that this Court has jurisdiction pursuant to 28 U.S.C. § 1331. (D.'s Notice of Removal at 2.) Specifically, Baylor argues that the Plaintiffs' Third Supplemental Petition adds a cause of action under CLIA, thereby conferring subject matter jurisdiction on this Court pursuant to § 1331. (*Id.* at 2-3.) The Plaintiffs counter that they have asserted only a negligence cause of action and that they simply intend to prove that Baylor breached its duty to the Plaintiffs by violating the requirements of CLIA. (P.'s Mot. at 3-4.)

In *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 817 (1986), the United States Supreme Court held that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 817 (1986). The Court finds that the instant case presents exactly the situation contemplated by *Merrell Dow Pharmaceuticals*. First, a plain reading of the Plaintiffs' Third Supplemental Petition reveals that the Plaintiffs do not assert a separate cause of action under CLIA. (P.s' App. 10-12.) To the contrary, the Plaintiffs allege that of the eleven "acts and omissions" by Baylor, one act or omission was a failure to comply with the standards set forth in CLIA. (*Id.* at 11-12.) Therefore, the Plaintiffs merely intend to prove an element of their negligence claim by demonstrating that Baylor failed to comply with CLIA. (*Id.* at 10-12.) Second, there is no private cause of action under CLIA. 42 U.S.C. § 263a (2002); *Whitehead v. Edmondson*, No. 1:97CV29-S-D, 1998 WL 173226, at *1 (N.D.

Miss. Mar. 24, 1998) (concluding that CLIA does not provide a private cause of action). As such, the holding in *Merrell Dow Pharmaceuticals* controls, and the Court lacks federal question jurisdiction under § 1331.

Baylor further argues that this Court has federal question jurisdiction under § 1331 because: (1) the Plaintiffs have engaged in "artful pleading"; (2) the Plaintiffs are judicially estopped from contending that their CLIA allegation is anything other than a federal claim; (3) CLIA has preempted the state cause of action; and (4) the instant case meets the test articulated in *Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001), for determining the existence of federal question jurisdiction. (D.'s Resp. at 6, 7, 10-11, 17-23.) These arguments are without merit. The "artful pleading," estoppel, and preemption arguments assume that there is a private, federal cause of action which the Plaintiffs have maintained or must maintain. Likewise, the test articulated in *Howery* applies only where the applicable federal statute provides for a private cause of action.[1] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917-18 (5th Cir. 2001). As discussed above, there is no private cause of action under CLIA. 42 U.S.C. § 263a (2002); *Whitehead*, 1998 WL 173226, at *1. Therefore, in accordance with *Merrell Dow Pharmaceuticals*, this Court lacks federal question jurisdiction under § 1331.

### III.  Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that the Emergency Motion of Plaintiffs to Remand Improperly Removed Case be **GRANTED** and that the case be **REMANDED**

---

[1] In *Howery*, the underlying federal statute was the Fair Credit Reporting Act (FCRA). *Howery*, 243 F.3d at 917-18. Not only does the Fifth Circuit in *Howery* assume that a private cause of action exists under the FCRA, *id.*, but other courts in this circuit have concluded that a private cause of action exists under the FCRA. *See Washington v. Direct General Ins. Agency Co.*, 130 F. Supp. 2d 820, 824 (S.D. Miss. 2000); *Bacon v. Southwest Airlines Co.*, No. 3:97-CV-2211-L, 1999 WL 134569, at *3 (N.D. Tex. 1999).

to the County Court at Law No. 5 of Dallas County, Texas.

**SO RECOMMENDED.** July 8, 2002.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc*)*.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE