

ORIGINAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

NOV - 4 2002

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| JILL SCOTT AND STUART SCOTT, | § | |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIENDS OF MADISON SCOTT, | § | |
| Plaintiffs, | § | |
| | § | **Civil Action No.** |
| v. | § | **3:02-CV-1265-R** |
| | § | |
| BAYLOR UNIVERSITY MEDICAL | § | |
| CENTER d/b/a THE KIMBERLY H. | § | |
| COURTWRIGHT & JOSEPH SUMMERS | § | |
| INSTITUTE OF METABOLIC DISEASE, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's Order of Reference, entered July 31, 2002, "Plaintiffs'

Motion for Assessment of Costs, Expenses, Fees and/or Sanctions," filed July 31, 2002, is before

this Court for hearing, if necessary, and for recommendation. For the following reasons, the

Plaintiffs' motion should be **GRANTED in part** and **DENIED in part**.

**I.      Background**

On July 22, 2002, the District Court adopted this Court's recommendation that the instant

case be remanded to state court due to the improper removal by Defendant Baylor University

Medical Center ("Baylor"). In the instant motion, which was filed nine days after the order of

remand, Plaintiffs seek attorney fees in the amount of $30,375.00, as well as sanctions in the amount

of $82,720.00 per month for each month the state court trial has been delayed due to the improper

removal. (P.s' Br. at 18; P.s' App. at Ex. 1-4.)

The Court now turns to the legal standards that will guide its analysis.



## II.    Legal Standards

### A.    28 U.S.C. § 1447(c)

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  However, there is no automatic entitlement to attorney fees under § 1447(c) for an improper removal. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). *See also Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000) (holding that § 1447(c) is a fee-shifting statute and that therefore the prevailing party is presumptively entitled to recover attorney fees). Rather, the Court must consider the objective merits of the defendant's case at the time of removal–as opposed to the motive of the defendants–in deciding whether an improper removal warrants an award of attorney fees under § 1447(c). *Valdes*, 199 F.3d at 292-93.  A district court's decision "to award or not to award attorney[] fees is reviewed for abuse of discretion." *Id.* at 292.

### B.    "Lodestar" Method for Calculating Attorney Fees

Once a court determines that an improper removal warrants an award of attorney fees, the court employs the "lodestar" method to calculate the amount of fees to be awarded. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The "lodestar" method requires the court to "determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers." *Id.* The court must then "multiply the reasonable hours by the reasonable hourly rates." *Id.* The resulting figure is the "lodestar" fee amount. *Id.* Determinations of reasonable hours and rates are reviewed for clear error. *Id.*

The court may adjust the "lodestar" fee amount upward or downward according to the circumstances of the case. *Id.* In determining whether to adjust the "lodestar" fee amount, the court

must consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). Those twelve factors are:

> (1) the time and labor required for the litigation; (2) the novelty and complication of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was "undesirable"; (11) the type of attorney-client relationship and whether that relationship was long-standing; and (12) awards made in similar cases.

*Id.* at 822 n.17. Adjustments to the "lodestar" fee amount are reviewed for abuse of discretion. *Id.* at 822.

The Court now turns to the merits of the motion.

## III. Analysis

As noted above, Plaintiffs seek $30,375.00 in attorney fees for 100 hours of attorney time,[1] as well as $82,720.00 per month for each month the state court trial has been delayed due to the improper removal. (P.s' Br. at 18; P.s' App. at Ex. 1-4.) Baylor objects to Plaintiffs' motion on four grounds: (1) that Plaintiffs filed the instant motion late, (2) that Baylor's removal of the case was objectively meritorious, (3) that Plaintiffs have claimed attorney fees that are not related to the removal, and (4) that there is no legal basis for an award of sanctions. (D.'s Resp. at 4, 6, 7, 15, 20, 22, 24.) The Court will address each of Baylor's objections in turn.

---

[1]Specifically, Plaintiffs seek $300 per hour for 18 hours of work for Attorney Michael G. Guajardo, $300 per hour for 9.5 hours of work for Attorney Quentin D. Brogdon, $250 per hour for 56.5 hours of work for Attorney C. Michael Clark, and $500 per hour for 16 hours of work for Attorney Frank L. Branson. (P.s' App. at Ex. 1-4.)

### A.      Timeliness of the Motion

Baylor contends that this Court lacks jurisdiction to hear the instant motion for attorney fees because the filing of a certified remand order with the state court divests the federal court of jurisdiction. (*Id.* at 22.) Although the Fifth Circuit Court of Appeals has not addressed the issue, the weight of authority provides that federal courts retain jurisdiction to consider motions for attorney fees after a case has been remanded to state court. *Wisconsin v. Hotline Industries, Inc.*, 236 F.3d 363, 365 (7th Cir. 2000) (holding that § 1447(c) allows federal courts to "retain jurisdiction to consider collateral matters" and that "attorney's fees may be awarded under a separate order"); *Stallworth v. Greater Cleveland Regional Transit Auth.*, 105 F.3d 252, 256-57 (6th Cir. 1997) (holding that "a district court ... may make an award of attorney fees and costs in a separate order [after issuing an order of remand]" but that the motion for attorney fees "must be filed and served no later than 14 days after [the issuance of the order of remand]"); *Mints v. Educational Testing Serv.*, 99 F.3d 1253, 1257-58 (3d Cir. 1996) (holding that a district court can "entertain a request for attorney's fees and costs in a remanded case"). *See also Sees v. Fagen*, No. 3:01-CV-2543-R, 2002 WL 460233 (N.D. Tex. Mar. 22, 2002) (entertaining a motion for attorney fees under § 1447(c) after the case had been remanded to state court in a separate order); *Lakeland Anesthesia, Inc. v. Aetna U.S. Healthcare, Inc.*, No. CIV.A.00-1061, 2000 WL 1251945 (E.D. La. Aug. 31, 2000) (concluding that motions for attorney fees "must be filed and served no later than 14 days after [the issuance of the order of remand]"). Plaintiffs filed the instant motion on July 31, 2002, only nine (9) days after the District Court entered its order of remand. Thus, even if a motion for attorney fees must be filed no later than fourteen (14) days after the issuance of an order of remand, Plaintiffs have complied with that requirement in the instant case. Thus, the Court retains jurisdiction to entertain the instant

motion under § 1447(c).

The Court now turns to address the objective merits of Baylor's removal for purposes of determining whether attorney fees should be awarded under § 1447(c). *Valdes*, 199 F.3d at 292-93.

### B.    *Objective Merits of the Removal*

Baylor contends that the removal from state court was objectively meritorious and that any delay in the state court trial was occasioned solely by the conduct of Plaintiffs' attorneys. (D.'s Resp. at 6, 20.) It is undisputed that Baylor removed the case on the sole basis that Plaintiffs' Third Supplemental Petition alleges that Baylor breached its duty of care to Plaintiffs by violating standards set forth in the federal Clinical Laboratories Improvement Act ("CLIA"). Without reaching the issue of whether Baylor's conduct constituted bad faith, the Court concludes that Baylor's removal of the case from state court was not objectively meritorious. First, there is no private, federal cause of action under CLIA. 42 U.S.C. § 263a (2002); *Whitehead v. Edmondson*, No. 1:97CV29-S-D, 1998 WL 173226, at *1 (N.D. Miss. Mar. 24, 1998) (concluding that CLIA does not provide a private cause of action). Second, Plaintiffs allege a violation of CLIA as an element of their state cause of action for negligence. (P.s' App. at 61.) When these two circumstances coexist, the United States Supreme Court has held that a complaint "does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 817 (1986). As such, Baylor's removal of the case from state court was not objectively meritorious in light of established Supreme Court precedent, and an award of attorney fees is warranted under § 1447(c).

The Court now turns to calculate the amount of attorney fees that should be awarded under § 1447(c).

### C.   *Attorney Fees*

As noted above, Plaintiffs seek $30,375.00 in attorney fees for 100 hours of attorney time. (P.s' App. at Ex. 1-4.) Although Baylor does not challenge the reasonableness of the hourly rates claimed by Plaintiffs' counsel, Baylor does challenge the reasonableness of the number of hours. (D.'s Resp. at 24-25.) Specifically, Baylor challenges 8.75 hours of Attorney Frank L. Branson's time that was spent on the state court litigation, as well as .75 hours of Attorney C. Michael Clark's time that was spent on the state court litigation. (*Id.*) Plaintiffs, relying on *Park Nat'l Bank of Houston v. Kaminetzky*, 976 F. Supp. 571 (S.D. Tex. 1996), contend that the challenged hours are reasonable because the hours "have been wasted as a result of Baylor's improper removal of this case." (P.s' App. at 79.) However, the Court does not read *Park Nat'l Bank* as authorizing attorney fees for "wasted" time in this case.[2] As such, the hours claimed by Plaintiffs should be reduced by 8.75 hours for Attorney Frank L. Branson and by .75 hours for Attorney C. Michael Clark.

Accordingly, the Court concludes that the following hourly rates and hours are reasonable due to Baylor's improper removal in this case:

| | | | |
|---|---|---|---|
| Attorney Michael G. Guajardo | $300/hour | 18.0 | hours |
| Attorney Quentin D. Brogdon | $300/hour | 9.5 | hours |
| Attorney C. Michael Clark | $250/hour | 55.75 | hours |
| Attorney Frank L. Branson | $500/hour | 7.25 | hours |

Therefore, the "lodestar" fee amount in this case is <u>$25,812.50</u>. The Court concludes that the "lodestar" fee amount need not be adjusted to account for the twelve factors set forth in *Johnson v.*

---

[2] In their Reply, Plaintiffs do not address Baylor's objection to the hours spent on the state court litigation. As such, Plaintiffs appear to have abandoned their "wasted" time argument.

*Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).  As such, Plaintiffs' motion should be **GRANTED in part** and **DENIED in part** as to attorney fees.

The Court now turns to address the issue of whether Plaintiffs are entitled to the other sanctions they seek.

### D.   Other Sanctions

Plaintiffs seek $82,720.00 per month for each month the state court trial has been delayed in this case due to Baylor's improper removal.[3]  (P.s' Br. at 15-16, 18.)  However, Plaintiffs cite to no authority that would allow this Court, through its inherent powers, to impose sanctions of this variety and magnitude against Baylor *even if the Court were to conclude that Baylor acted in bad faith.*  As such, Plaintiffs' motion should be **DENIED** as to the $82,720.00 per month in other sanctions.

## IV.   Recommendation

For the foregoing reasons, the Court **RECOMMENDS** that "Plaintiffs' Motion for Assessment of Costs, Expenses, Fees and/or Sanctions" be **GRANTED in part** and **DENIED in part**.  Accordingly, the Court **RECOMMENDS** that Baylor be **ORDERED** to reimburse Plaintiffs in the amount of $25,812.50 in attorney fees due to the improper removal of this case.

**SO RECOMMENDED.**  4th day of *November*, 2002.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[3] During a continuance hearing in state court, Baylor offered to pay Plaintiffs $82,720.00 per month for each month of delay due to a continuance.  (P.s' Br. at 15-16; D.'s Resp. at 15.)  Plaintiffs rejected the offer in favor of proceeding with the trial in state court.  (P.s' Br. at 10-11; D.'s Resp. at 16.)

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc*)*.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE